Filed 7/2/26  P. v. U.S Fire Insurance Co. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendant and Appellant. | B346280<br><br>Los Angeles County<br>Super. Ct. Nos. 24PDSJ0064 &<br>GA110783 |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, Mark E. Windham, Judge. Reversed and remanded with instructions.

Law Office of John Rorabaugh and John M. Rorabaugh for Defendant and Appellant.

Office of the County Counsel, Dawyn R. Harrison, County Counsel, Keever R. Muir, Assistant County Counsel, Steven M. Rich, Deputy County Counsel for Plaintiff and Respondent.

———————————

United States Fire Insurance Company (Fire Insurance), a bond surety, appeals from a summary judgment and related orders requiring it to pay on a bail bond deemed forfeited when a criminal defendant failed to appear. Fire Insurance contends the trial court lacked authority to enforce the bond because the court did not comply with the notice requirements set forth in Penal Code section 1305, subdivision (b). (Undesignated statutory references are to the Penal Code.) We agree. Accordingly, we reverse and remand the case to the trial court with directions to discharge the bond's forfeiture and to exonerate the bond — that is, cancel the surety's responsibilities.

## I.

In September 2021, Fire Insurance posted a $75,000 bond for defendant Rojo Raul's release from custody.

On the morning of December 6, 2021, Raul failed to appear in court. Consequently, the trial judge, part of the Superior Court for the County of Los Angeles, declared the bond forfeited in open court and issued a bench warrant.

Raul appeared at a hearing held that afternoon. Through counsel, Raul told the court he had been delayed due to a "car problem" and that "[h]e couldn't contact anyone because he did not have a phone at the time." Accepting Rojo's explanation, the trial court found "there was no willful failure to appear by the defendant[ ] . . . ." It therefore vacated the bond's forfeiture and set the forfeiture aside. In so doing, the trial court specifically noted it "deem[ed]" the morning and afternoon hearings held that day to be "one session . . . ."

Several months later, on April 19, 2023, Raul again failed to appear in court, and the trial court again declared the bond

forfeited. The next day, the clerk mailed written notice of the forfeiture to Fire Insurance.

Raul did not appear in court within the exoneration period, a period during which a surety may produce a defendant in court and thereby avoid being liable on the bond. (See *People v. Western Ins. Co.* (2012) 204 Cal.App.4th 1025, 1030.) Consequently, the court entered summary judgment on the forfeited bond. A few days later, the clerk mailed Fire Insurance notice of the judgment's entry.

Fire Insurance moved to set aside the summary judgment, discharge the bond's forfeiture, and exonerate the bond. According to Fire Insurance, section 1305, subdivision (b), required the clerk of court to mail notice of the first forfeiture, the one the court declared on the morning of December 6, 2021. Raul's appearance that afternoon, Fire Insurance argued, did not excuse the clerk of its notice obligation. The lack of notice, Fire Insurance asserted, released it from its bond obligations and deprived the trial court of jurisdiction to enforce the bond.

The trial court denied the motion based on its view that, under local rule 2.16 of the Superior Court of Los Angeles County (rule 2.16), "the norm is for each [court] day to constitute a [single] session . . . ." Accordingly, it applied *People v. Bankers Ins. Co.* (2019) 36 Cal.App.5th 543 (*Bankers*) to conclude the forfeiture's declaration and vacatur occurred "within th[e] same court session," such that Fire Insurance was not entitled to notice of the forfeiture under section 1305, subdivision (b).

Fire Insurance timely appealed.

## II.

"Bail forfeitures are governed by section 1305 et seq. The trial court must carefully follow these provisions or its acts may

3

be found to be" unauthorized. (*People v. Financial Casualty & Surety, Inc.* (2017) 14 Cal.App.5th 127, 133.) "In addition, the law traditionally disfavors forfeitures of bail. [Citations.] As a result, 'Penal Code sections 1305 and 1306 dealing with forfeitures of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture.' " (*Ibid.*)

If a defendant fails to appear in court without sufficient excuse, the trial court must, in open court, declare the bail bond forfeited. (§ 1305, subd. (a).) For bonds exceeding $400, "the clerk of court shall, within 30 days of the forfeiture, mail notice of the forfeiture" to the surety and to the bail agent. (*Id.*, subd. (b)(1).) The clerk's non-compliance with this notice requirement releases the surety and the bail agent "of all obligations under the bond" (*id.*, subd. (b)(3)) and, as some courts put it, deprives the trial court of jurisdiction to enter summary judgment on the bond (*County of Orange v. Lexington Nat. Ins. Corp.* (2006) 140 Cal.App.4th 1488, 1497 ["[A]bsent notice within the required period, the trial court lost jurisdiction to enter summary judgment on the bond"]).

"While a reviewing court ordinarily assesses the trial court's denial of a motion to vacate an order of forfeiture under an abuse of discretion standard [citation], here the 'evidence before the appellate court is not in dispute' and we therefore employ de novo review [citation]. The party challenging the order carries the burden of establishing error." (*Bankers, supra,* 36 Cal.App.5th at p. 547.)

The parties dispute whether the trial court had to notify Fire Insurance of the forfeiture declared on the morning of December 6, 2021, and purportedly undone that afternoon. Fire Insurance contends notice was required because "[t]his case falls

4

squarely under" *County of Los Angeles v. Financial Casualty & Surety, Inc.* (2016) 247 Cal.App.4th 875 (*Financial Casualty*). The People respond not by attacking the validity of *Financial Casualty* but by asserting this case bears more resemblance to *Bankers*, *supra*, 36 Cal.App.5th 543, such that notice was unwarranted.

Our case is essentially indistinguishable from *Financial Casualty*. There, another judge of the Superior Court for the County of Los Angeles declared a $100,000 bail bond forfeited when the defendant failed to appear at that morning's hearing. (*Financial Casualty*, *supra,* 247 Cal.App.4th at p. 877.) That afternoon, the defendant appeared in court and explained he had missed the morning hearing due to a doctor's appointment. (*Id.* at p. 878.) The court vacated the forfeiture and told the defendant to return to court at a later date. (*Ibid.*) After the defendant's subsequent failure to appear, the trial court again declared the bond forfeited and mailed notice thereof to both the bond agent and the surety. (*Ibid.*)

On appeal from the summary judgment entered against it, the surety argued the trial court lacked jurisdiction over the bond, because the court failed to notify the surety of the initial forfeiture. (*Financial Casualty*, *supra*, 247 Cal.App.4th at p. 878.) Our colleagues in Division Two of this court agreed, explaining: "In our view, the language of section 1305, subdivision (b) is inescapable. The triggering event for the notice requirement is a trial court's declaration of forfeiture in open court. Consequently, once a forfeiture is declared in open court, the clerk must mail notice to the surety and bond agent within 30 days or the trial court loses jurisdiction over the bond." (*Id.* at p. 883.) Thus, Division Two concluded the trial court "lost

jurisdiction over the bond" because it "did not mail notice after the first forfeiture was declared in open court . . . ." (*Ibid.*)

The facts in this case parallel those in *Financial Casualty*. Like the defendant there, Rojo failed to appear at a morning hearing. He later appeared at a hearing held that afternoon and provided an excuse for his tardiness, which the trial court accepted. On these facts, *Financial Casualty* counsels that regardless of the court's attempt to vacate the forfeiture and reinstate the bond in the afternoon, the clerk was statutorily required to notify Fire Insurance of the forfeiture declared in the morning. (See *Financial Casualty*, *supra*, 247 Cal.App.4th at p. 883.) The clerk's failure to do so deprived the court of authority to enforce the bond. (*Ibid.*) Thus, under *Financial Casualty*, the court should have set aside the summary judgment, discharged the forfeiture, and exonerated the bond. (See *ibid.*)

*Bankers* does not require a different result. In that case, the trial court declared a $25,000 bail bond forfeited when the defendant failed to appear. (*Bankers*, *supra*, 36 Cal.App.5th at p. 546.) Five minutes later, and that same afternoon, the defendant's counsel entered the courtroom and related that he had called earlier to inform the court of his impending, albeit tardy, appearance on his client's behalf, but forgot to leave his name. (*Ibid.*) Given this information, the court immediately set aside the forfeiture and reinstated the bond, finding no fault on the defendant's part. (*Ibid.*)

Several months later, neither the defendant nor his attorney appeared for a different court date. (*Bankers*, *supra*, 36 Cal.App.5th at p. 547.) The trial court forfeited the bond, and the clerk mailed notice of the forfeiture the following day. (*Ibid.*) Subsequently, the surety moved to vacate the forfeiture and

6

exonerate the bond based on the court's failure to provide written notice of the initial forfeiture. (*Ibid.*) The trial court denied the motion, reasoning that " 'if [the forfeiture] is within the same session, the court has the power to take it back . . . .' " (*Ibid.*)

Our colleagues in the Sixth District Court of Appeal affirmed, holding that "within a single court session," trial courts may "correct forfeitures erroneously declared without also mailing notices of forfeiture." (*Bankers, supra*, 36 Cal.App.5th at pp. 549–550.) Recognition of this narrow exception to section 1305, subdivision (b), the Sixth District explained, did not "undercut[ ]" this District's holding in *Financial Casualty* that a defendant's "failure to appear during a single court session — even if rectified within a few hours — triggers section 1305's twin requirements that the trial court declare the bail bond forfeited and the clerk mail a notice of forfeiture." (*Bankers*, at p. 551.)

Here, the bond's forfeiture and reinstatement did not occur within a single court session as contemplated in *Bankers*. Instead, exactly as in *Financial Casualty*, the former took place in the morning, while the latter happened hours later in the afternoon.

Nonetheless, the People assert *Bankers* should govern because, in their view, the trial court properly treated the morning and afternoon hearings as a single session. We disagree.

In denying Fire Insurance's motion for post-judgment relief, the trial court reasoned that under rule 2.16, which was last amended in 2011, "the norm" is for criminal courts to treat "each day" as a single session. But the rule suggests otherwise. And *Financial Casualty*, addressing the same morning and afternoon scenario in the same Los Angeles County Superior

7

Court under the same local rule, could only undermine the trial court's view.  In describing the court's hours of operation, rule 2.16 (a) states:  "*Sessions* of departments will be from 8:30 a.m. to 12:00 noon *and* from 1:30 p.m. to 4:30 p.m." (Super. Ct. L.A. County, Local Rules, rule 2.16 (a), italics added.)  Similarly, rule 2.16 (b) states:  "Opening of *Sessions.*  Morning and afternoon *sessions* will be opened by the bailiff, court attendant, or clerk.  After a recess during a *session*, the bailiff, court attendant, or clerk will call for order and state that the court is again in session." (*Id.*, rule 2.16 (b), italics added.)  By way of its plain language, then, the rule treats the court's morning and afternoon proceedings as separate "sessions," each of which must be opened by certain judicial officers.  (*Id.*, rule 2.16 (a).)  Consistent with this view, the rule recognizes that recesses may occur within a morning or afternoon "session" and specifies how the "session" must be resumed after a recess is taken.  (*Id.*, rule 2.16 (b).)

Further, Code of Civil Procedure section 631 does not, as the People suggest, demonstrate courts may deem morning and afternoon hearings held on the same day to be a single session for purposes of undoing bond forfeitures.  That statute pertains to jury trials in civil cases and, as relevant to the People's argument, requires "[t]he parties demanding a jury trial [to] deposit with the clerk or judge, at the beginning of the second and each succeeding day's session, a sum equal to that day's fees and mileage of the jury, including the fees and mileage for the trial jury panel if the trial jury has not yet been selected and sworn." (Code Civ. Proc., § 631, subd. (e).)  This provision simply requires payment of certain fees to the court and specifies when they must be tendered.  (See *ibid.*)  It does not bear upon the issues presented in this appeal.

8

The People offer no other basis for permitting the trial court to treat same-day morning and afternoon hearings as a single session for purposes of erasing declarations of bond forfeitures.

Given the foregoing, we conclude the trial court was required to notify Fire Insurance of the bond forfeiture declared in December 2021. The clerk's failure to send such notice by mail released Fire Insurance from its obligations under the bond and deprived the trial court of authority to enter summary judgment on the bond's forfeiture. The court, therefore, should have granted Fire Insurance's motion to set aside the summary judgment, discharge the forfeiture, and exonerate the bond.

## DISPOSITION

We reverse the order denying Fire Insurance's motion to set aside the summary judgment, discharge the bond forfeiture, and exonerate the bond. We also reverse the summary judgment on the bond's forfeiture. We remand the case to the trial court with directions to discharge the forfeiture and exonerate the bond. Fire Insurance shall recover its costs on appeal.

SCHERB, J.

We concur:

WILEY, Acting P. J.          VIRAMONTES, J.

9